IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD KEEHN, | }<br>}<br>} |
| Plaintiff, | }<br>} No. 09-16 |
| vs. | }<br>} Magistrate Judge Kelly |
| C/O LUCAS, C/O CHIPIKITAS, C/O ELSTNER, | }<br>} |
| Defendants. | }<br>} |

**DEFENDANT LUCAS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING ANY EVIDENCE OR TESTIMONY AT TRIAL REALTED TO AN ASSERTED CONSENT DEFENSE**

AND NOW, comes Defendant Lucas, by his attorney, Charity Grimm Krupa, Esquire, and respectfully submits the following Brief in Opposition to Plaintiff's Motion in Limine To Preclude Defendants From Introducing Any Evidence or Testimony At Trial Related to An Asserted Consent Defense.

## FACTUAL HISTORY

In August of 2007, Defendant Lucas was a corrections officer at SCI-Fayette in Labelle, Pennsylvania. At that time, Plaintiff Gerald Keehn was inmate incarcerated at SCI-Fayette and housed on L-block in the Restricted Housing Unit known as the RHU. The RHU has the highest level of security at SCI-Fayette and houses two particular kinds of inmates: those who have committed disciplinary infractions (Disciplinary Custody) or those who, for a variety of reasons, have requested to be placed in the RHU (Administrative Custody). At the time of the incident, the inmate Plaintiff was on Administrative Custody status because of problems with other inmates at SCI-Fayette. In August 2007, the Plaintiff was a Block Worker in the RHU and on good terms with Defendant Lucas.

An EBID is an electronic device which is used at times by Corrections Officers within the facility. During training, EBIDs are used on the officers themselves. At some time prior to the incident on August 20, 2007, the Plaintiff and his cellmate had a discussion concerning the EBID, an electronic device. Defendant Lucas was brought into the conversation when the inmate Plaintiff asked Lucas to use the EBID on him. Defendant Lucas refused multiple times on different occasions before complying with the inmate's request.

When the Plaintiff inmate and Defendant Lucas went to the property room where the incident occurred, the inmate, who knew and understood the purpose of the trip to the property room, went voluntarily and of his own accord. At no time did the Plaintiff withdraw his request regarding the EBID. When the EBID was used upon the inmate, it was done with the Plaintiff's consent and only upon his repeated requests. Defendant Lucas never used or threatened to use any force on the Plaintiff that was unlawful. Any injury the Plaintiff may have suffered as a result of the incident were slight and the inmate assumed the risk of such injuries when he voluntary participated in the incident and requested that the force be used.

The Plaintiff never made any type of complaint regarding the incident until after he became upset over a loaner TV that was taken off of him. As a result of the incident and the Plaintiff's untruthful allegations, criminal charges were filed against Defendant Lucas. Rather than bear the expense of trial, Defendant Lucas, innocent of the crimes charged, entered and successfully completed the ARD program and the charges are no longer pending. When Defendant Lucas entered the ARD program he did so without any admission of guilt. Statements made by Plaintiff's counsel that the Defendant served a period of probation are untrue. Defendant Lucas never pled guilty or was found guilty of those charges against him.

## ARGUMENT

In the Motion in Limine, Plaintiff argues that the issue of consent should be precluded on the basis that it is irrelevant, unfairly prejudicial, and/or confusing to the jury. This argument is without merit. Fed. R. Evid. 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Dittrich v. Seeds, 2005 U.S. Dist. LEXIS 22078 (E.D. Pa. Sept. 28, 2005)

As discussed below, evidence of the Plaintiff's consent is relevant to Plaintiff's claims of excessive force under the Eighth Amendment, state tort of intentional infliction of emotional distress, state tort of assault and battery as well as his request for punitive damages. The issue of consent is also relevant to the legal defenses of consent and qualified immunity.

### I.   Consent is Relevant to Plaintiff's Eighth Amendment Excessive Force Claims.

Evidence of Inmate Keehn's consent to the use of the EBID by Defendant Lucas is admissible evidence with respect to the Plaintiff's excessive force claim. Despite Plaintiff's arguments, when raised by the Defendant, the issue of inmate consent must be considered when analyzing claims of excessive force under the Eighth Amendment. A prison official violates an inmate's rights under the Eighth Amendment when two requirements, one objective and one subjective, are met. Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830, 17-18 (M.D. Pa. Mar. 12, 2007) citing Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

### Objective Requirement

The first requirement holds that the official's conduct must be objectively serious or must have caused an objectively serious injury to the plaintiff. Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830, 17-18 (M.D. Pa. Mar. 12, 2007) citing Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). A prison official's conduct is "objectively serious" under the Eighth Amendment if it is incompatible with "contemporary standards of decency." Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830, 17-18 (M.D. Pa. Mar. 12, 2007) citing Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993) (citing Estelle v. Gamble, 429 U.S. 97, 103-104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

In the instant case, there is evidence showing that the idea of the use of the EBID on Inmate Keehn was his own idea; that he requested on multiple occasions that the EBID be used upon him; and that it was under these circumstances that Defendant Lucas used the EBID. This evidence shows that Defendant Lucas's actions amounted to no more than innocent horseplay, however immature. When considering this evidence of consent, a jury could find that the incident is not objectively serious because it is not an incident that is incompatible with contemporary standards of decency. Thus, the evidence of the Inmate Keehn's consent is of consequence to the determination of whether Defendant Lucas' conduct is objectively serious and is therefore relevant evidence pursuant to Fed. R. Evid. 401.

### Subjective Requirement

The subjective requirement in an Eighth Amendment claim is that the prison official must have acted with deliberate indifference or reckless disregard toward the plaintiff's constitutional rights, health, or safety. Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830, 17-18 (M.D. Pa. Mar. 12, 2007) Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). That a prison official acted with the requisite deliberate indifference or reckless disregard is a subjective element that may be established by showing that the prison official acted with a "sufficiently culpable state of mind." Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830, 17-18 (M.D. Pa. Mar. 12, 2007) citing Farmer, 511 U.S. at 834.

The law is clear that actions that are not repugnant to the conscience of mankind do not violate the Eighth Amendment. See Palko v. Sample v. Diecks, 885 F.2d 1099, 1108-1109 (3d Cir. Pa. 1989) (internal citation omitted); Whitley v. Albers, 475 U.S. 312, 320, 89 L. Ed. 2d 251, 106 S. Ct. 1078 (1986). The Eighth Amendment "excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (internal quotations omitted).

Proof of a person's state of mind may be found from his words or conduct or from the surrounding circumstances. Intent may be shown by circumstantial evidence. Commonwealth v. Fry, 341 Pa. Super. 333, 336 (Pa. Super. Ct. 1985) citing Commonwealth v. Russell, 313 Pa.Super. 534, 543, 460 A.2d 316, 321 (1983). In the instant case, the surrounding circumstances show it was Inmate Keehn's idea to use the EBID and that he requested on multiple occasions that the EBID be used upon him.

These circumstances show that Defendant Lucas's actions amounted to no more than innocent horseplay, however immature. When considering the evidence of consent, a jury could find that the incident did not amount a use of force that is repugnant to mankind and therefore does not violate the Eighth Amendment. The evidence of Inmate Keehn's consent is the best evidence of Defendant Lucas' subjective state of mind. Thus, the evidence of the Inmate Keehn's consent is of consequence to the determination of whether Defendant Lucas had a sufficiently culpable state of mind to support a finding of an Eighth Amendment violation. Therefore, that evidence is relevant pursuant to Fed. R. Evid. 401. As such, it would be a miscarriage of justice to prevent Defendant Lucas from presenting this evidence to the jury.

## II.     Consent is Relevant as a Legal Defense to Excessive Force

Not only is the evidence of consent relevant to Defendant Lucas' state of mind, it is also directly relevant as a legal defense to Plaintiff's claims of Excessive Force pursuant to the Eighth Amendment violation. Despite Plaintiff's arguments, the legal defense of consent as it applies to claims of excessive force under the Eighth Amendment has already been recognized in the Third Circuit. In Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830 (M.D. Pa. Mar. 12, 2007), the court addressed the issue of whether consensual sexual relations between and inmate and a prison chaplain violated the Eighth Amendment.

Obviously, sexual assaults on inmates by prison personnel constitute Eighth Amendment violations. Jacobs v. Durko, 2007 U.S. Dist. LEXIS 73649 (W.D. Pa. June 29, 2007) citing Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). However, the Stubbs court refused to find that sexual contact between an inmate and a guard violated the Eighth Amendment when the contact was consensual and held that "[c]onsensual sex between two adults does not constitute cruel and unusual punishment simply because it occurs within the

walls of a prison." Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830 (M.D. Pa. Mar. 12, 2007) citing Phillips, 2003 U.S. Dist. LEXIS 22418, 2003 WL 22953175.

Consensual sexual interactions between a corrections officer and an inmate, although unquestionably inappropriate, do not constitute cruel and unusual punishment under the Eighth Amendment. Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830 (M.D. Pa. Mar. 12, 2007) citing Fisher v. Goord, 981 F.Supp. 140, 172 (W.D.N.Y. 1997); Freitas v. Ault, 109 F.3d 1335, 1339 (8th Cir. 1997). Thus, in the third circuit, it has been recognized that inmates have the legal capacity to consent to contact by prison officials and when this consent is proven in cases involving civil liability, the consent is a recognized legal defense. Thus, evidence of Inmate Keehn's consent is of consequence to the determination of whether Defendant Lucas is entitled to the defense of consent. Therefore, that evidence is relevant pursuant to Fed. R. Evid. 401.

### III.   Consent is a Legal Defense to the Tort of Assault and Battery

Pennsylvania recognizes consent as an absolute defense to the intentional torts of assault and battery. Zeglen v. Miller, 2007 U.S. Dist. LEXIS 96734 (M.D. Pa. Nov. 30, 2007) Restatement (Second) of Torts § 892A; Quinn v. Limited Express, Inc., 715 F. Supp. 127, 130 (W.D. Pa. 1989) citing W. Prosser, Law on Torts § 18 (4th ed. 1971); see also Commonwealth v. Moon, 151 Pa. Super. 555, 567 (Pa. Super. Ct. 1943) citing Com. v. Gregory, 132 Pa. Super. 507, 513, 1 A.2d 501. As an absolute defense, one who effectively consents to conduct of another intended to invade his interests cannot recover in an action of tort for the conduct or for harm resulting from it." Zeglen v. Miller, 2007 U.S. Dist. LEXIS 96734 (M.D. Pa. Nov. 30, 2007) Restatement (Second) of Torts § 892A.

Consent may be manifested by an individual's words and/or affirmative actions which indicate a willingness for another's conduct to occur. Consent also may be indicated by inaction which indicates to another an implied or apparent willingness for conduct to occur. Quinn v. Limited Express, Inc., 715 F. Supp. 127, 130 (W.D. Pa. 1989) citing Restatement (Second) Torts § 892, comment b and c (1979). In effect, the individual's actions speak louder than words. Id. citing Prosser, Law on Torts § 18. Quinn v. Limited Express, Inc., 715 F. Supp. 127, 130 (W.D. Pa. 1989); see also Zeglen v. Miller, 2007 U.S. Dist. LEXIS 96734 (M.D. Pa. Nov. 30, 2007) citing Schall, 322 F. Supp. 2d at 602; Dicenzo v. Berg, 340 Pa. 305, 16 A.2d 15, 17 n.4 (Pa. 1940).

Pennsylvania law recognizes that consent is a lawful defense to the tort of assault and battery. The Defendant submits the use of the EBID in this case was inmate Keehn's idea and that it was inmate Keehn's repeated requests that led to the incident. The surveillance video shows Inmate Keehn walking on his own accord into the room where the EBID was used and walking out a few minutes later on his own accord smiling and without any signs of abuse. It was not until Inmate Keehn was reprimanded for an unrelated incident and had a loaner TV removed that he told anyone about the EBID incident. The fact that the inmate now denies that he consented to the use of the EBID does not mean that Defendant Lucas is prohibited from raising evidence of the consent. It simply means that the jury must resolve that issue of fact. Defendant Lucas is not suggesting that this issue be decided as matter of law, which would be the de facto result if the Plaintiff's Motion in Limine is granted.

In short, evidence of Inmate Keehn's consent is of consequence to the determination of whether Defendant Lucas is entitled to the defense of consent to the Plaintiff's state tort claim of assault and battery. Therefore, that evidence is relevant pursuant to Fed. R. Evid. 401.

### IV.   Consent is relevant to claims of Intentional Infliction of Emotional Distress

Evidence of Inmate Keehn's consent to the use of the EBID by Defendant Lucas is relevant evidence with respect to the Plaintiff's emotional distress claims. To prove a claim for intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. Dittrich v. Seeds, 2005 U.S. Dist. LEXIS 22078 (E.D. Pa. Sept. 28, 2005) (internal citations omitted). Courts have limited outrageous conduct to that which is "atrocious" and "utterly intolerable in a civilized community". Brownstein v. Gieda, 649 F. Supp. 2d 368, 374 (M.D. Pa. 2009) citing Smith v. Sch. Dist. of Philadelphia, 112 F. Supp. 2d 417, 427 (E.D. Pa. 2000).

The evidence of Inmate Keehn's consent is the best evidence of whether the incident was outrageous and extreme. This evidence will allow a jury to see that this incident amounted to no more than innocent horseplay, however immature, and did not amount to a use of force that was "atrocious" and "utterly intolerable in a civilized community." Because the inmate's consent is of consequence to the determination of whether Defendant Lucas' conduct was outrageous and extreme, such evidence is relevant under Fed. R. Evid. 401.

### V.   Consent is Relevant to Plaintiff's claim for Punitive Damages

Evidence of the Plaintiff's consent is relevant to Plaintiff's claim for punitive damages. In Pennsylvania, punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. Brownstein v. Gieda, 649 F. Supp. 2d 368, 375 (M.D. Pa. 2009) Since punitive damages are penal in nature, they are

available only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. Id. In determining whether to award punitive damages, one must look to the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties. Id.

For a plaintiff in a 42 U.S.C.S. § 1983 claim to qualify for a punitive award, the defendant's conduct must be, at a minimum, reckless or callous. Punitive damages might also be allowed if the conduct is intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard. Dittrich v. Seeds, 2005 U.S. Dist. LEXIS 22078 (E.D. Pa. Sept. 28, 2005). Obviously, whether the Plaintiff consented to the use of the EBID will be of consequence to the determination of whether Defendant Lucas's actions justify punitive damages.

## VI. Consent is Relevant to the Legal Defense of Qualified Immunity

The evidence of this Plaintiff's consent is also relevant to the issue of Qualified Immunity. Qualified Immunity shields government officials from suit for damages if a reasonable officer could have believed the action in question to be lawful, in light of clearly established law and the information that he possessed. Rivera v. James, 2004 U.S. Dist. LEXIS 15859 (E.D. Pa. Aug. 4, 2004) (internal citations omitted). Under this doctrine, "the right the official is alleged to have violated must have been clearly established in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. (internal citations omitted). If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct. Id. (internal citations omitted).

In the instant case, a reasonable corrections officer in Defendant Lucas's position could have believed his actions to be lawful. The instant case presents a unique fact pattern creating issues which have not specifically been addressed by the courts. Thus, Defendant Lucas is entitled to the defense of Qualified Immunity because a reasonable corrections officer could have believed that using an EBID on an inmate who wanted and requested that the EBID be used upon him, would not violate that inmate's Eighth Amendment rights. Defendant Lucas' Qualified Immunity defense is based upon the Inmate Keehn's consent. Therefore, any evidence of that consent is clearly relevant and Defendant Lucas should be permitted to raise and argue that evidence to the jury at the time of trial.

### VII. Evidence of Plaintiff's Consent is Not Prejudicial.

The evidence of Plaintiff's complaint is not prejudicial. If the meaning of prejudicial evidence were evidence that makes it more likely that a party will lose the case, then all relevant evidence would be prejudicial. Dittrich v. Seeds, 2005 U.S. Dist. LEXIS 22078 (E.D. Pa. Sept. 28, 2005). That is not what is meant by "prejudice" in Fed. R. Evid. 403. What Rule 403 requires a court to balance against probative value is not "prejudice," it is "unfair prejudice." Id. Unfair prejudice as used in Fed. R. Evid. 403 means that the evidence is so inflammatory that it will blind the jury to the true, rational facts, and will inflame their passions and prejudices to the degree that they will be swayed by their emotions, rather than by a dispassionate evaluation of the evidence. Id.

In the instant case, there is no unfair prejudice that the Plaintiff will suffer from the introduction of evidence that he requested and consented to the EBID being used upon him. Thus, the Plaintiff cannot rely on Fed. R. Evid. 403 simply because the evidence of his consent

will undermine his case. Even if there is some danger of unfair prejudice inherent in evidence that is not sufficient to exclude it under Fed. R. Evid. 403. Under the rule, the probative value of the evidence must be "outweighed" by the danger of unfair prejudice. Dittrich v. Seeds, 2005 U.S. Dist. LEXIS 22078 (E.D. Pa. Sept. 28, 2005).

As discussed throughout this brief, evidence of the Plaintiff's consent has probative value to every surviving claim of the Plaintiff (excessive force, assault and battery, infliction of emotional distress), the Plaintiff's claim for punitive damages and the legal defenses available to the Defendant Lucas (consent and qualified immunity). This case hinges upon a determination of whether Defendant Lucas maliciously used an EBID upon Inmate Keehn or whether Defendant Lucas' acted in an innocent, although immature, manner by complying with the Inmate's request for the EBID to be used upon him. "Whether a defendant intended to violate someone's federal constitutional or other federal legal rights is relevant to Section 1983 actions." Dittrich v. Seeds, 2005 U.S. Dist. LEXIS 22078, 40-42 (E.D. Pa. Sept. 28, 2005). Furthermore, the Defendant's "mind set and intentions are relevant to whether or not he intentionally inflicted emotional distress" upon the plaintiff. Id. Whether the Defendant was acting wantonly and willfully, with evil motives is relevant to the punitive damages request. Id.

Therefore, because the issue of Plaintiff's consent reflects on the Defendant's state of mind, and because his state of mind is pertinent to a number of issues in the case, the evidence of consent constitutes evidence having a tendency to make the existence of a number of facts of consequences to the determination of this action more or less probable than it would be without the evidence. As a result, the statement is relevant under Fed.R.Evid. 401. See discussion in Dittrich v. Seeds, 2005 U.S. Dist. LEXIS 22078, 40-42 (E.D. Pa. Sept. 28, 2005).

Next, the Rule 403 balancing test must be applied. Even though evidence of the Plaintiff's consent is relevant, it may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice. Id. It is noteworthy that the Plaintiff has not articulated an argument concerning what specific prejudice the Plaintiff would suffer but has only made the conclusionary statement that the evidence will prejudice defendants.

Unfair prejudice as used in the Rule 403 means that the evidence is "so inflammatory that it will blind the jury to the true, rational facts, and will inflame their passions and prejudices to the degree that they will be swayed by their emotions, rather than by a dispassionate evaluation of the evidence." Id. The evidence of the Plaintiff's consent in the instant case is not capable of inflaming unfair prejudice. Or in the terms of the rule, there is no "danger of unfair prejudice".

If the jury hears the evidence, the jury will make a conclusion as to whether the inmate consented to the use of the EBID or not. If the jury concludes that he did consent, they are more likely to find against the Plaintiff. That, however, does not make the evidence prejudicial. That merely makes the evidence relevant and admissible under Rule 401. See Id.

### VIII. Evidence of Plaintiff's Consent is Not Confusing.

The issue of consent in this case is not confusing. The issue of Plaintiff's consent is not a complex issue and presentation of evidence that he consented will present no confusion to the jury. Again, the Plaintiff does not articulate a specific argument regarding how the evidence of consent would be confusing. Thus, the evidence should not be precluded on the grounds that it is confusing.

IX. **Arguments Concerning Public Policy and/or Legislative Protections are Without Merit.**

The Plaintiff makes lengthy arguments regarding public policy and protections afforded to certain classed of persons by the legislator. However, the Plaintiff's arguments are uncompelling. In Commonwealth v. Budd, 2002 Pa. Dist. & Cnty. Dec. LEXIS 234, 5-6 (Pa. County Ct. 2002), <u>a criminal case</u>, the court discussed the public policy concerns of sexual relations between prison employees and inmates stating the following:

> There are several strong public policies behind the statute. The efficient operation of county institutions, prisons and other county detention facilities is a legitimate government interest. So too is the protection of inmates and other individuals under county supervision. Employees of a county should not engage in any type of sexual activity with an inmate at any time. Inmates are under the supervision of the county and as such should be protected. Employees of the county, especially county employees with a day-to-day relationship with the inmates are in a position of power and have certain responsibilities. As a result of this power imbalance, a truly consensual relationship cannot exist.

Commonwealth v. Budd, 2002 Pa. Dist. & Cnty. Dec. LEXIS 234, 5-6 (Pa. County Ct. 2002)

In Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830 (M.D. Pa. Mar. 12, 2007), <u>a civil case</u>, the court addressed the issue of whether consensual sexual relations between and inmate and a prison chaplain violated the Eighth Amendment. Despite the existence of the public policy concerns as stated in Budd, above, the Stubbs court recognized that the inmate consented to the sexual contact and therefore the contact did not amount to a violation of the Eighth Amendment. In their analysis, the Stubbs court's discussion of the inmate's consent demonstrates that the issue of consent is relevant and admissible despite the fact that the underlying conduct may equate to a criminal violation. See Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830 (M.D. Pa. Mar. 12, 2007).

Thus, the legislative action to protect a specific class of people by enacting laws criminalizing certain conduct has no bearing on whether that same conduct amounts to a constitutional violation. Plaintiff's argument also ignores that while the legislature has afforded special protection to inmates with respect to sexual relations with prison employees and with respect to medical testing, the legislature has not afforded special protection to inmates with respect to alleged assault cases. For the court to afford this special protection in the instant case on the grounds of public policy would be to circumvent the separation of powers. As the Pennsylvania Supreme Court warned over half a century ago, "in our judicial system the power of courts to formulate pronouncements of public policy is sharply restricted; otherwise they would become judicial legislatures rather than instrumentalities for the interpretation of law." Teti v. Huron Ins. Co., 914 F. Supp. 1132, 1140-1141 (E.D. Pa. 1996) citing Mamlin v. Genoe, 340 Pa. 320, 17 A.2d 407, 409 (Pa. 1941). The instant case gives rise to no compelling reasons for the court to make a pronouncement of public policy.

X. **Whether actions violate the criminal code is not indicative of whether those same actions violate the Eighth Amendment or the state tort of Assault and Battery.**

The Third Circuit has recognized that with respect to the civil liability, inmates have the legal capacity to consent to contact by a guard regardless of whether that same contact would violate the Pennsylvania criminal code. See Stubbs v. DeRose, 2007 U.S. Dist. LEXIS 17830 (M.D. Pa. Mar. 12, 2007) discussed above. In Stubbs, the court determined that even if there was a finding that the Defendant violated the criminal statute, even if that statute were intended to protect inmates, it "would not and ought not drive the determination of rights under the United States Constitution." Id. Citing Phillips v. Bird, 2003 U.S. Dist. LEXIS 22418, 2003 WL 22953175, (D. Del. 2003). "Elevating legal rights to the level of constitutional rights is an exercise fraught with the peril of unintended consequences." Id.

Thus, just because Defendant Lucas was charged criminally does not mean that his actions were criminal nor does it mean that his actions amounted to a violation of Inmate Keehn's constitutional rights. Statement of Plaintiff's counsel that Defendant Lucas served a period of probation is untrue. Defendant Lucas was admitted into the Accelerated Rehabilitation Program without any admission of guilt. Thus, any argument by Plaintiff that Defendant Lucas' actions were criminal is not supported by the record.

Considering that Defendant Lucas was never convicted nor did he plead guilty to any criminal charges, discussion or argument based on the Pennsylvania criminal code of case law dealing with the issue of consent in criminal cases is not pertinent. However, assuming argumendo that this honorable court entertains Plaintiff's arguments raising issue of consent as it applies to criminal charges of assault, the Defendant submits that had Mr. Lucas elected to take the matter to a criminal jury trial, he would have been able to raise the defense of consent because assault is a specific intent crime. Commonwealth v. Fry, 341 Pa. Super. 333, 336 (Pa. Super. Ct. 1985). Simple assault can lack a reprehensible state of mind when arising in the context of a fight or scuffle by mutual consent. Bowalick v. Dep't of Educ., 840 A.2d 519, 524-525 (Pa. Commw. Ct. 2004) citing See 18 Pa. C.S. § 2701(b)(1).

A fight or scuffle upon mutual consent is one in which "both of the parties engaged in the fighting mutually, both desiring to do so." Bowalick v. Dep't of Educ., 840 A.2d 519, 524-525 (Pa. Commw. Ct. 2004) citing Pa. SSJI (Crim) § 15.2701E. A determination that an actor engaged in a fight or scuffle by mutual consent "makes the assault ... a less serious offense than it might otherwise have been." Bowalick v. Dep't of Educ., 840 A.2d 519, 524-525 (Pa. Commw. Ct. 2004). While not supportive of a peaceful society, the mutuality of the undertaking moderates the opprobrium attached to the act. Pursuant to 18 Pa.C.S. § 2701(b)(1), simple

assault can lack a reprehensible state of mind when arising in the context of a fight or scuffle by mutual consent. Bowalick v. Dep't of Educ., 840 A.2d 519, 2004 Pa. Commw. LEXIS 9, 20 I.E.R. Cas. (BNA) 1364 (Pa. Commw. Ct. 2004). 18 Pa.C.S. § 2701.

Consent is relevant and admissible at trial because mutual consent effects the grading of the offense. Regis Ins. Co. v. Bungi's, Inc., 2006 Pa. Dist. & Cnty. Dec. LEXIS 258 (Pa. County Ct. 2006). Cf. 18 Pa. C.S.A. § 2701 (b)(1) (Assault is a misdemeanor of the second degree unless committed in a fight entered into by mutual consent in which case it is a misdemeanor of the third degree). Likewise, the "mutual consent" type of simple assault is treated differently for sentencing purposes, further reflecting the less serious nature of the offense. Bowalick v. Dep't of Educ., 840 A.2d 519, 2004 Pa. Commw. LEXIS 9, 20 I.E.R. Cas. (BNA) 1364 (Pa. Commw. Ct. 2004). Unlike other forms of simple assault, it is a third-degree misdemeanor carrying a maximum sentence of one-year imprisonment. 18 Pa. C.S. §§ 2701(b)(1), 1104(3). Bowalick v. Dep't of Educ., 840 A.2d 519, 2004 Pa. Commw. LEXIS 9, 20 I.E.R. Cas. (BNA) 1364 (Pa. Commw. Ct. 2004). It carries the lowest offense gravity score provided by the sentencing guidelines. 204 Pa. Code § 303.15.

## CONCLUSION

The Plaintiff's motion to preclude evidence of the Plaintiff's consent to the use of the EBID must be denied. Evidence of the Plaintiff's consent is relevant to Plaintiff's claims of excessive force under the Eighth Amendment, state tort of intentional infliction of emotional distress, state tort of assault and battery and Plaintiff's request for punitive damages. The issue of consent is also relevant to the legal defenses of consent and qualified immunity.

Specifically, the evidence is of consequence to the determination of the following issues:

1) whether Defendant Lucas' conduct is objectively serious under an Eighth Amendment excessive force claim;

2) whether Defendant Lucas had a sufficiently culpable state of mind to support a finding of an Eighth Amendment violation;

3) whether Defendant Lucas is entitled to the defense of consent to both the excessive force and state tort of assault and battery;

4) whether Defendant Lucas' conduct was outrageous and extreme under the emotional distress claim and request for punitive damages;

5) whether Defendant Lucas' justifies the imposition of punitive damages; and

6) whether Defendant Lucas' is entitled to Qualified Immunity.

For all these reason, the evidence of the Plaintiff's consent is relevant evidence pursuant to Fed. R. Evid. 401. Furthermore, there is no unfair prejudice or confusion that will arise from the admission of such evidence.

Furthermore, the Plaintiff's arguments based on public policy are faulty and ignore that the Third Circuit has already recognized that conduct that may violate a criminal statute which protects a particular class of person does not necessarily mean that the conduct violates the constitution. The Third Circuit, despite public policy concerns over an inmate's ability to consent, has recognized that inmates do have the legal capacity to consent and that such consent can be a defense to an Eighth Amendment excessive force claim.

For all the reasons discussed herein, Plaintiff's Motion in Limine must be denied.

Respectfully submitted:

_____
Charity Grimm Krupa
Attorney I.D. No. 202124
P.O. Box 622
Smithfield, Pa 15478
(724) 569-9608
Counsel for Defendant Lucas