IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD KEEHN,<br>              Plaintiff,<br><br>   vs.<br><br>C/O LUCAS; C/O CHIPIKITAS; C/O<br>ELSTNER; FORMER SUPERINTENDENT<br>HARRY E. WILSON; CAPTAIN<br>McCOMBIE; LT. TKACS. SGT. HOGAN;<br>C. SHAFFER, Control Sgt.; C/O<br>DELBRIDGE,<br>              Defendants. | Civil Action No. 09-16<br>Magistrate Judge Maureen P. Kelly<br><br>[ECF No. 70] |

## OPINION AND ORDER

Plaintiff has filed a Motion in Limine to preclude the introduction of certain conclusions set forth in a Department of Corrections ("DOC") "Fact Finding Investigation" report issued by RHU Captain Wallace Leggett. [ECF No. 70]. The conclusions at issue concern whether Defendant Chipikitis was present in the storage room during the assault and whether Defendant Elstner was involved in planning or carrying out the attack. [ECF No. 71].

Prior to the final Pretrial Conference on March 6, 2012, the Court had not been provided a copy of the report. Following the conference, a copy of the report prepared by Captain Leggett dated September 6, 2007, and attached documents, were delivered to the Court. Having reviewed the report, Exhibit 1 and the report prepared by the DOC Office of Professional Responsibility dated November 14, 2007, this Court can now rule on the pending Motion in Limine.

In considering the admissibility of the report, the Court must consider (1) whether the report qualifies as an exception to the hearsay rule under Fed.R.Evid 803(8)(C) as a report of a public office setting forth factual findings resulting from an investigation made pursuant to

1

authority granted by law; and (2) whether the sources of information or other circumstances indicate a lack of trustworthiness in the report and its conclusions.   The jury, of course, must ultimately determine the issues of fact, including whether Defendant Chipikitis was present and whether Defendant Elstner was a willing conspirator.  However, if the report is otherwise trustworthy, it must be deemed admissible and Plaintiff can challenge the findings of the report at trial through cross-examination.  Sonnier v. Field, No. 05-14, 2007 WL 2155576 *5-6 (W.D. Pa. July 25, 2007); Brown v. City of Pittsburgh, No. 05-859, 2007 WL 2080510 *2 (W.D. Pa. July 13, 2007).  A "report may be untrustworthy 'if the report appears to have been made subject to a suspect motivation.  For example, if the public official or body who prepared the report has an institutional or political bias, and the final report is consistent with that bias.' …. [A] report might also be untrustworthy where it is made in contemplation of litigation." Coleman v. Home Depot, Inc., 306 F.3d 1333, 1342 (3d Cir. 2002).

     Based on this Court's thorough review of the report and accompanying documents, it is hereby ordered that the pending Motion in Limine is granted in part and denied in part.

     To the extent that the report sets forth facts and interview transcripts based on the investigation, those portions of the report are admissible; however, any references to Plaintiff's purported consent in the incident are excluded based upon this Court's prior Opinion and Order dated March 2, 2012 [ECF No. 61].  To the extent that the report sets forth opinions and

conclusions by an official who may have an institutional bias given that the report has been prepared in contemplation of litigation, those opinions and conclusions are excluded.

BY THE COURT:


/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: March 8, 2012

cc: All counsel of record by Notice of Electronic Filing